Macomber, J.
Tbe findings of the fact made by tbe referee are in accordance with tbe evidence in tbe case. His construction of the written agreement between tbe parties is tbe only one that can be made. Indeed tbe instrument is so plain and unambiguous in its language and terms as to requffe no interpretation whatever. Tbe plain reading of it is, that tbe parties thereto entered into a limited, temporary and provisional partnership to continue certainly for four months, and, in a contingency, three years longer. Tbe. parties failed to make any arrangement for the continuance of tbe partnership beyond tbe first day of December, 1881, but on tbe contrary ended their business connection under the agreement. Tbe right of tbe plaintiff under the circumstances, as determined by tbe contract, was to require of tbe defendant a payment to him of tbe sum of money which be bad contributed to tbe partnership with interest thereon from tbe time tbe copartnership ceased.
*39 Tbe counsel for tbe defendant contends that tbe plaintiff ought not to have the relief which has been given him by the referee, because his complaint was framed upon a different claim than the one which lies at the foundation of the judgment. His contention is that the plaintiff, having alleged that the differences between the partners had been submitted to arbitration, and an award made by the arbitrators in favor of the plaintiff and a judgment asked therefor by him, he is precluded from obtaining the relief as in an ordinary action of accounting between partners. It is true the complaint does allege the fact that such differences.were submitted to arbitration and an award was made, but tiffs is denied by the defendant in his answer. At the trial, no evidence was given of such arbitration or award, nor is there anything in the case which establishes the fact that such an arbitration was had. The plaintiff had, however, alleged in his complaint other matters sufficient to permit him to recover upon the contract alone. The complaint sets forth the agreement of the parties and that the plaintiff performed on his part fully, and paid in the sum of money alleged, and that the copartnership was dissolved in the month of November, 1881, in pursuance of the terms of the written agreement; It asks for a formal dissolution of the copartnership, the appointment of a receiver, an accounting and distribution of the assets, an injunction, payment to the plaintiff of what is due him, and for other relief. The complaint, therefore, is entirely sufficient, outside of the allegations touching the arbitration, to have enabled the referee to pronounce the judgment which has been entered. .
Inasmuch as there were no profits made in the business, the plaintiff was not entitled to any sum therefor, and inasmuch as the plaintiff had the right, under the agreement, to withdraw the amount of money which he had paid in, he was not in turn chargeable with any loss which may have accrued between the beginning of the business and its close in November.
It follows, therefore, that the judgment should be affirmed with costs.
DANIELS and Beady, J J., concur.